1

2

3

4

5

6

7                     UNITED STATES DISTRICT COURT

8                    EASTERN DISTRICT OF CALIFORNIA

9

10   ANDREW and KAREN FERNANDES,        2:13-CV-02221-GEB-CKD

11               Plaintiffs,

12        v.
                                        **ORDER GRANTING IN PART AND**
13   TW TELECOM HOLDINGS INC., and      **DENYING IN PART MOTION TO**
     DOES 1-50, inclusive,              **DISMISS**
14

15               Defendant.

16

17           Defendant TW Telecom Holdings, Inc. moves under Federal

18   Rule  of  Civil  Procedure  ("Rule")  12(b)(6)  for  dismissal  of

19   Plaintiff Andrew Fernandes's claims alleged under section 6310 of

20   the California Labor Code and section 1102.5(c) of the California

21   Labor Code. Defendant also moves for dismissal of Plaintiff Karen

22   Fernandes's  loss  of  consortium  claim.[1]  Plaintiffs  oppose  the

23   motion.[2]

24   _____

25   [1] Defendant also seeks dismissal of what Defendant characterizes as
     Plaintiffs' claims alleged under sections 6403 and 6404 of the California
     Labor Code. (Def.'s Mot. to Dismiss ("Def.'s Mot.") 4:14-5:16, ECF No. 5-1.)
26   However, Plaintiffs state in their opposition that sections 6403 and 6404 are
     not "stand-alone causes of action" and are only alleged "as duties" supporting
27   their 6310 claim. (Pls.' Opp'n to Def.'s Mot. ("Pls.' Opp'n") 4:20-24, ECF No.
     6.) Defendant has not shown this is an appropriate dismissal motion;
     therefore, this portion of the motion is denied.
28   [2] Plaintiffs' opposition includes a request that judicial notice be taken of

                                        1

1          **I.   LEGAL STANDARD**

2          Decision on a Rule 12(b)(6) dismissal motion requires

3  determination of "whether the complaint's factual allegations,

4  together with all reasonable inferences, state a plausible claim

5  for relief." <u>United States ex rel. Cafasso v. Gen. Dynamics C4

6  Sys., Inc.</u>, 637 F.3d 1047, 1054 (9th Cir. 2011) (citing <u>Ashcroft

7  v. Iqbal</u>, 556 U.S. 662, 678-79 (2009)). "A claim has facial

8  plausibility when the plaintiff pleads factual content that

9  allows the court to draw the reasonable inference that the

10 defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S.

11 at 678 (citing <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544, 556

12 (2007)).

13         When determining the sufficiency of a claim under Rule

14 12(b)(6), "[w]e accept factual allegations in the complaint as

15 true and construe the pleadings in the light most favorable to

16 the non-moving party." <u>Fayer v. Vaughn</u>, 649 F.3d 1061, 1064 (9th

17 Cir. 2011) (internal quotation marks omitted). However, this

18 tenet does not apply to "legal conclusions . . . cast in the form

19 of factual allegations." <u>Id.</u> (internal quotation marks omitted).

20 "Therefore, conclusory allegations of law and unwarranted

21 inferences are insufficient to defeat a motion to dismiss." <u>Id.</u>

22 (internal quotation marks omitted); <u>see also</u> <u>Iqbal</u>, 556 U.S. at

23 678 (quoting <u>Twombly</u>, 550 U.S. at 555) ("A pleading that offers

24 'labels and conclusions' or 'a formulaic recitation of the

25 elements of a cause of action will not do.'")

26

27 _____

28 certain documents.  This request is denied since Plaintiffs have not shown the
   documents are pertinent to issues involved in the motion.

## II.   FACTUAL ALLEGATIONS

The following allegations in the Complaint are germane to the claims involved in the motion.

Plaintiff Andrew Fernandes began working for Defendant on or about October 19, 2009. (Compl. ¶ 10, ECF No. 1.) At various times during his employment, this Plaintiff reported "safety and compliance" issues to his manager and to Defendant's risk management department. (Id. at ¶¶ 14-16, 18-20, 22, 26, 29, 32.) "[I]n early 2012, Plaintiff began to experience retaliation . . . for reporting complaints." (Id. at ¶ 30.) Among other acts of retaliation, Plaintiff was investigated for motor vehicle violations (id.), removed from Defendant's bonus program (id. at ¶ 34), and terminated on August 1, 2012. (Id. at ¶ 35.)

## III. ANALYSIS

### a. Exhaustion of Administrative Remedies

Defendant seeks dismissal of Plaintiff Andrew Fernandes's claims, alleged under sections 1102.5(c) and 6310, contending that dismissal is required because this Plaintiff failed to allege in the Complaint that he exhausted the applicable administrative remedy for these claims prescribed in Labor Code section 98.7.

Section 98.7(a) prescribes in pertinent part: "Any person who believes that he or she has been discharged or otherwise discriminated against in violation of any law under the jurisdiction of the Labor Commissioner *may* file a complaint with the [D]ivision [of Labor Standards Enforcement] . . . ." Cal. Lab. Code § 98.7(a) (emphasis added). Further, section 98.7(f) prescribes: "The rights and remedies provided by this section do

3

1  not preclude an employee from pursuing any other rights and

2  remedies under any other law." Cal. Lab. Code § 98.7(f).

3        This statutory language does not explicitly require

4  Plaintiff to exhaust an administrative remedy. "When interpreting

5  state law, federal courts are bound by decisions of the state's

6  highest court. In the absence of such a decision . . . a federal

7  court is obligated to follow the decisions of the state's

8  intermediate appellate courts" as long as "there is no convincing

9  evidence that the state supreme court would decide differently."

10 Vestar Dev. II, LLC v. Gen. Dynamics Corp., 249 F.3d 958, 960

11 (9th Cir. 2001) (quoting Lewis v. Tel. Employees Credit Union, 87

12 F.3d 1537, 1545 (9th Cir. 1996)).

13       Section 98.7 has not yet been interpreted by the

14 California Supreme Court, and California appellate courts are

15 split on the issue of whether plaintiffs must exhaust the

16 administrative remedy provided in the statute. MacDonald v.

17 State, 161 Cal. Rptr. 3d 520, 523 (Ct. App. 2013) (depublished),[3]

18 found that section 98.7 requires exhaustion notwithstanding that

19 "the administrative remedy is couched in permissive, as opposed

20 to mandatory, language." The court reasoned that this

21 construction is required in light of the California Supreme

22 Court's statements in Campbell v. Regents of Univ. of California,

23 35 Cal. 4th 311 (2005). MacDonald interpreted Campbell as

24 requiring administrative exhaustion whenever "an administrative

25 remedy is provided by statute . . . [,] even where the

26 administrative remedy is couched in permissive . . . language."

27 ────────────────
[3] Federal courts "may consider unpublished state decisions, even though such
   opinions have no precedential value." Employers Ins. of Wausau v. Granite
28 State Ins. Co., 330 F.3d 1214, 1220 n. 8 (9th Cir. 2003).

161 Cal. Rptr. 3d at 523.

In contrast, <u>Lloyd v. Cnty. of Los Angeles</u>, 172 Cal. App. 4th 320, 331 (2009), examined section 98.7 and concluded "it would appear Labor Code section 98.7 merely provides the employee with an additional remedy, which the employee may choose to pursue." <u>Lloyd</u> also states:

> Further, case law has recognized there is no requirement that a plaintiff proceed through the Labor Code administrative procedure in order to pursue a statutory cause of action. We see no reason to differ with these decisions and to impose an administrative exhaustion requirement on plaintiffs seeking to sue for Labor Code violations.
>
> We make the additional observation that construing Labor Code section 98.7 to obligate a plaintiff to seek relief from the Labor Commissioner prior to filing suit for Labor Code violations flies in the face of the concerns underlying the Labor Code Private Attorneys General Act of 2004 (PAG Act) (Lab.Code, § 2698 et seq.). As we stated in <u>Dunlap v. Superior Court</u> (2006) 142 Cal.App.4th 330, 337, 47 Cal.Rptr.3d 614, the PAG Act was adopted to augment the enforcement abilities of the Labor Commissioner with a private attorney general system for labor law enforcement. . . . The PAG Act's approach, enlisting aggrieved employees to augment the Labor Commissioner's enforcement of state labor law, undermines the notion that Labor Code section 98.7 compels exhaustion of administrative remedies with the Labor Commissioner.

<u>Id.</u> at 331-32 (citations omitted) (internal quotations marks omitted).

<u>MacDonald</u> declined to follow <u>Lloyd</u>, stating in part, "[W]e do not believe this interpretation is correct. Moreover, <u>Lloyd</u> inexplicably fails to mention <u>Campbell</u> in its analysis . . . ." <u>MacDonald</u>, 161 Cal. Rptr. 3d at 525. However, <u>Lloyd</u>'s analysis of section 98.7 is consistent with the California

1  Supreme   Court's   "well-established   rules"   of   statutory
2  interpretation. <u>Los Angeles Cnty. Metro. Transp. Auth. v. Alameda</u>
3  <u>Produce Mkt., LLC</u>, 52 Cal. 4th 1100, 1106 (2011).  Specifically,
4  <u>Lloyd</u>  began  its  statutory  interpretation  "by  examining  the
5  statutory language, giving it a plain and commonsense meaning."
6  <u>Id.</u> at 1106-07. <u>Lloyd</u> also "construe[d] the words in question in
7  context . . . ." <u>Id.</u> at 1107.

8          "By its terms, <u>Campbell</u> only held that exhaustion of
9  internal  administrative  remedies  is  required;  there  is  no
10  discussion in <u>Campbell</u> of exhaustion of administrative remedies
11  before the Labor Commission." <u>Creighton v. City of Livingston</u>,
12  CV-F-08-1507 OWW/SMS, 2009 WL 3246825, at *12 (E.D. Cal. Oct. 7,
13  2009).  Therefore, an analysis of <u>Campbell</u> was not pertinent to
14  <u>Lloyd</u>'s  interpretation  of  the  statute.   <u>Lloyd</u>'s  persuasive
15  reasoning and interpretation of section 98.7 is adopted. <u>See</u>
16  <u>Pinder v. Employment Dev. Dep't</u>, CIV. S-13-817 LKK/AC, 2013 WL
17  4482955, at *11 (E.D. Cal. Aug. 20, 2013) (finding no exhaustion
18  requirement  under  section  98.7  and  distinguishing  <u>Campbell</u>);
19  <u>Turner v. City & Cnty. of San Francisco</u>, 892 F. Supp. 2d 1188,
20  1202 (N.D. Cal. 2012) (same); <u>but see e.g.,</u>  <u>Vasile v. Flagship</u>
21  <u>Fin. Grp., LLC</u>, 2:12-CV-02912-KJM, 2013 WL 4482914, at *6 (E.D.
22  Cal. Aug. 19, 2013)(finding section 98.7 requires exhaustion);
23  <u>Ferretti v. Pfizer Inc.</u>, 855 F. Supp. 2d 1017, 1023-24 (N.D. Cal.
24  2012)(same).

25          Since section 98.7 "merely provides the employee with
26  an additional remedy, which the employee may choose to pursue,"
27  this portion of the motion is denied. <u>Lloyd</u>, 172 Cal. App. 4th at
28  331.

**b. Section 1102.5(c)**

Defendant seeks dismissal of Plaintiff Andrew Fernandes's section 1102.5(c) claim, arguing it fails to allege that Plaintiff "refused to participate" in an activity that would result in a violation of law. (Def.'s Mot. to Dismiss ("Def.'s Mot.") 7:7-10, ECF No. 5-1.) Plaintiff responds that his "consistent complaints" and "his refusal to ignore the [safety and compliance] violations" constituted protected conduct under section 1102.5(c). (Pls.' Opp'n to Def.'s Mot. ("Pls.' Opp'n") 6:11-15, ECF No. 6.)

Section 1102.5(c) prescribes: "An employer may not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation." Cal. Lab. Code § 1102.5(c). This is "a whistleblower statute" that "prohibits an employer . . . from retaliating against an employee who refuses to engage in conduct that would result in a violation of a statute." Rope v. Auto-Chlor Sys. of Washington, Inc., 220 Cal. App. 4th 635, 648 (2013).

Plaintiff's allegations do not evince that he "refused to participate in an activity that would result" in a violation of law. Cf. Ferretti v. Pfizer Inc., 855 F. Supp. 2d 1017, 1025-27 (N.D. Cal. 2012)(denying dismissal of 1102.5(c) claim where Plaintiff indicated that she would not conduct Phase III of her employer's product studies and requested a transfer). Therefore, this claim is dismissed.

1    **c. Loss of Consortium**

2        Defendant seeks dismissal of Plaintiff Karen

3    Fernandes's loss of consortium claim, arguing it is

4    insufficiently alleged. (Def.'s Mot. 8:11-14.)

5        To state a loss of consortium claim, a plaintiff must

6    allege his or her spouse suffered an injury that "is sufficiently

7    serious and disabling to raise the inference that the conjugal

8    relationship is more than superficially or temporarily impaired."

9    Molien v. Kaiser Found. Hospitals, 27 Cal. 3d 916, 932-33 (1980).

10   The injury may be physical or psychological, but psychological

11   injury must "rise[] to the level of a 'neurosis, psychosis,

12   chronic depression, or phobia'. . . ." Anderson v. Northrop

13   Corp., 203 Cal. App. 3d 772, 780 (1988) (quoting Molien, 27 Cal.

14   3d at 933).

15       Plaintiff Karen Fernandes alleges in the Complaint: "As

16   a result of [Andrew Fernandes's] termination . . . , [he] has

17   suffered severe emotional distress and continues to obtain

18   treatment for such . . . . [and Karen Fernandes] "has lost the

19   companionship and services of her husband, including, but not

20   limited to, loss of love, companionship, comfort, care,

21   assistance, protection, affection, society, and moral support."

22   (Compl. ¶¶ 37, 61.) These allegations do not "allow[] the court

23   to draw the reasonable inference," Iqbal, 556 U.S. at 678, that

24   Andrew Fernandes's emotional distress "is sufficiently serious

25   and disabling" to "more than superficially or temporarily

26   impair[]" the Fernandes's marital relationship. Molien, 27 Cal.

27   3d at 932-33; see Anderson, 203 Cal. App. 3d at 780-81 (affirming

28   an order of dismissal entered after the trial court sustained

1  demurrer where plaintiff alleged in the loss of consortium claim
2  that her spouse became "mentally upset, distressed and
3  aggravated" because the appellate court did "not find such
4  emotional disquiet rises to the level of a 'neurosis, psychosis,
5  chronic depression, or phobia' sufficient to substantially
6  disturb the marital relationship on more than a temporary
7  basis.") Therefore, this claim is dismissed.

8                          **IV.   CONCLUSION**

9            For the stated reasons, Defendant's motion seeking
10  dismissal of Plaintiff Andrew Fernandes's 6310 claim is denied,
11  and its motion seeking dismissal of the section 1102.5(c) claim
12  is granted. Defendant's motion seeking dismissal of Plaintiff
13  Karen Fernandes's loss of consortium claim is granted. Further,
14  Plaintiffs are granted fourteen (14) days from the date on which
15  this order is filed to file an amended complaint addressing the
16  referenced deficiencies in any dismissed claim. Plaintiffs are
17  notified that a dismissal with prejudice could be entered under
18  Rule 41(b) if an amended complaint is not filed within the
19  prescribed time period.

20            Dated:  December 13, 2013

21
22
23  GARLAND E. BURRELL, JR.
    Senior United States District Judge
24
25
26
27
28

                               9