UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW FERNANDEZ,<br><br>        Plaintiff,<br><br>  v.<br><br>TW TELECOM HOLDINGS INC., and DOES 1-50, inclusive,<br><br>        Defendant.* | No. 2:13-cv-02221-GEB-CKD<br><br>**ORDER TO SHOW CAUSE AND CONTINUING STATUS (PRETRIAL SCHEDULING) CONFERENCE** |

       The October 24, 2013 Order Setting Status (Pretrial Scheduling) Conference scheduled a status conference in this case on January 21, 2014, and required the parties to file a joint status report no later than fourteen (14) days prior to the scheduling conference. The October 24, 2013 Order further required that a status report be filed regardless of whether a joint report could be procured. No status report was filed as ordered.

       Therefore, each party is Ordered to Show Cause ("OSC") in a writing to be filed no later than January 24, 2014, why sanctions should not be imposed against the party and/or the party's counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report. The written

---

* The caption has been amended according to Karen Fernandez's voluntary dismissal. (See ECF No. 14, 2:1.)

1

response shall also state whether the party or the party's counsel is at fault, and whether a hearing is requested on the OSC.[1] If a hearing is requested, it will be held on March 3, 2014, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date and time. A joint status report shall be filed no later than fourteen (14) days prior to the status conference.

    IT IS SO ORDERED.

    Dated:  January 15, 2014

GARLAND E. BURRELL, JR.
Senior United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." In re Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. Myers v. Shekter (In re Hill), 775 F.2d 1385, 1387 (9th Cir. 1985).