UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW FERNANDES,<br><br>             Plaintiff,<br><br>      v.<br><br>TW TELECOM HOLDINGS, INC.,<br><br>             Defendant. | No. 2:13-cv-2221-GEB-CKD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE SCHEDULING ORDER AND SUA SPONTE AMENDMENT OF THE TRIAL COMMENCEMENT DATE** |

      Plaintiff filed a motion on February 27, 2015, in which he seeks de facto amendment of most dates in the scheduling order issued on February 26, 2014. (Status (Pretrial Scheduling) Order, ("Scheduling Order,") ECF No. 20.) Specifically, Plaintiff seeks leave to file an amended complaint that would add four claims against Defendant, to re-open the expired February 3, 2015 discovery completion date so that he could have six additional months to conduct discovery on both his existing claims and the four proposed claims, and to continue the scheduled September 15, 2015 trial commencement date for six months. The following provisions in the scheduling order concern these requests: "no further . . . amendments to pleadings is permitted, except with leave of Court for good cause shown," "all discovery shall be completed by February 3, 2015," and "[t]rial shall commence . . .

1

on September 15, 2015." (Scheduling Order 2:19-20; 3:5; 5:10-11.) Plaintiff's request would also necessitate amendment of the now-past April 13, 2015 last hearing date for motions and the scheduled June 15, 2015 final pretrial conference date. Plaintiff argues his motion should be granted, stating:

> After his termination, Defendant . . . inform[ed him] that he was free to apply for jobs within the company and that he would be seriously considered for any jobs for which he was qualified. And yet, unbeknownst to Plaintiff, . . . his personnel file contained a single innocuous sheet, a "Separation Checklist for Termination" ("termination checklist"). The termination checklist, baldly contradicts all communications to Plaintiff, advising internal hiring agents that Plaintiff is not eligible for rehire due to "unprofessional questionable conduct during term"
>
> . . . .
>
> This Court has advised that, "No further service, joinder of parties, or amendments to pleadings is permitted, except with leave of Court for good cause shown." (ECF Document No. 20, 2:19-21.) Good cause exists here for two distinct reasons. First, Plaintiff has uncovered facts which, if proven, support four additional causes of action . . . Second, Defendant's persons most knowledgeable about key topics of the existing case [("30(b)(6) witnesses")]— including a failure to acknowledge Plaintiff's complaint of retaliation, a bonus plan paid to Plaintiff, the nature and existence of contracts with the government, and the genesis of the "termination checklist"—were unable to articulate details about these topics. Thus, good cause exists to extend discovery and trial by 6 months.

(Mot. 1:18-26, 17:17-26, ECF No. 22-1.)

Although Plaintiff argues in a conclusory manner that "good cause" exists for the scheduling order amendments he seeks, the authority under which he actually argues his pleading

2

amendment motion concerns the liberal amendment pleading standard prescribed in Federal Rule of Civil Procedure ("Rule") 15. However, "[o]nce the district court ha[s] filed a . . . scheduling order [under Rule 16(b)] . . . that rule's [good cause] standard[] control[s]" and the movant seeking to amend the no further amendment provision in the scheduling order must first demonstrate "good cause" under Rule 16(b) for that amendment before addressing whether a pleading amendment is proper under Rule 15. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992).

> "A court's evaluation of good cause is not coextensive with an inquiry into the propriety of the amendment under . . . Rule 15." Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, <u>Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension."</u> Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.

Id. at 609 (citations omitted)(emphasis added).

 **A. Leave to File an Amended Complaint and Corresponding Discovery**

 Plaintiff argues he should be granted leave to add four claims to his complaint and to conduct discovery on those claims since he "uncovered facts . . . support[ing] four additional

[claims]." (Mot. 17:19-24.) Specifically, Plaintiff contends that after filing the Complaint, he discovered that Defendant "advis[ed] internal agents [through the "termination checklist"] that Plaintiff was not eligible for rehire [due] to 'unprofessional questionable conduct during [his] term.'" (Mot. 1:22-26.) Plaintiff declares this information supports his additional claims since "[a]t the time [he] was terminated, [an employee of Defendant] advised [Plaintiff] that [he] could apply for any position for which [he] was qualified." (Fernandes Decl. ¶ 12, ECF No. 22-3.)

Defendant responds that Plaintiff has not demonstrated the "good cause" Rule 16 requires since the termination checklist "upon which [Plaintiff] bases his [m]otion . . . [was served on Plaintiff in discovery] on March 24, 2014; and [Plaintiff] did nothing for six months [after receipt of that information] to follow up on that purportedly key piece of evidence." (Opp'n 1:7-8, ECF No. 24.)

Plaintiff does not dispute this service date. Instead, he argues that to plead his additional claims, he needed to obtain further information about the "unprofessional, questionable conduct" statement in the termination checklist and that he sought such further information through Defendant's 30(b)(6) depositions, which occurred in January 2015. (See generally Mot. 18:7-19:5; Boucher Decl. ¶¶ 2-4, 18, ECF No. 22-2.)

Plaintiff's counsel declares that he "inquired with Defendant about possible dates for Defendant's . . . Rule 30(b)(6) . . . depositions" "in early October[2014]," and that

"[o]n November 19, 2014" he "set the [dates for the] deposition of Defendant's [30(b)(6) witnesses]." (Boucher Decl. ¶¶ 8, 11.) Plaintiff's counsel further declares those depositions were initially noticed for "January 14, 2015," but after communication with Defendant's counsel, the dates were changed and he ultimately deposed the witnesses on the following dates: January 8, 2015, January 20, 2015, January 27, 2015, and January 30, 2015. (Id. ¶¶ 11, 16-18.)

Plaintiff has not cogently explained why he needed Defendant's 30(b)(6) deposition testimony, in addition to the information he received in the termination checklist, to plead his additional claims. Further, while unexpected information "can constitute good cause [for amending a scheduling order], that good cause does not exist indefinitely." Fermin v. Toyota Material Handling, U.S.A., Inc., No. 10-3755, 2012 WL 1393074, at *6 (D.N.J. Apr. 23, 2012). Rather, "amend[ment of] the [s]cheduling [o]rder [should be diligently sought] once it bec[omes] apparent [to Plaintiff] that [he or she] could not comply with the order." Hardy v. Cnty. of El Dorado, No. 2-07-CV-0799 JAM EFB, 2008 WL 3876329, at *1 (E.D. Cal. Aug. 20, 2008) (denying plaintiff's request for amendment since plaintiff had not "adequately explain[ed] why an extension of time was not sought earlier."). Plaintiff has not "adequately explained why [he] waited [eleven] months after receiving the [termination checklist] before filing the motion to amend." Eckert Cold Storage, Inc. v. Behl, 943 F. Supp. 1230, 1233 (E.D. Cal. May 3, 1996). Even assuming that Plaintiff needed Defendant's 30(b)(6) deposition testimony to state the additional claims, he still

fails to demonstrate diligence in seeking to amend the scheduling order since by his own account, more than seven months passed after he was served the termination checklist before he contacted Defendant about scheduling the depositions. The several months "gap [between Plaintiff's receipt of the new information and his filing of the motion to amended the scheduling order] shows a lack of diligence on his part, which cunctation is the antithesis of the finding of good cause contemplated under Rule 16 . . . Carbajal v. St. Anthony Cent. Hosp., No. 12-cv-02257, 2015 WL 1499864, at *2 n.4 (D. Colo. Mar. 27, 2015). Permitting Plaintiff to now upend the scheduling order several months after Plaintiff clearly became aware of the facts that he could have used as a basis for amendment much earlier in the proceeding, would permit "the sort of disruption that Rule 16(b) was designed to prevent." Eckert Cold Storage, Inc., 943 F. Supp. at 1233.

Since Plaintiff has not shown "good cause" to amend the "no further amendment" and "discovery completion deadline" provisions of the scheduling order, Plaintiff's de facto request to amend these portions of the scheduling order is denied.

### B. Discovery for Plaintiff's Existing Claims and Trial Date

Plaintiff also argues discovery should be re-opened for his existing claims and the trial commencement date deferred six months because Defendant's 30(b)(6) witnesses "were unable to articulate details about . . . [relevant] topics," including "Plaintiff's [claim] of retaliation, a bonus plan paid to Plaintiff, the nature and existence of contracts with the government, and the genesis of the 'termination checklist.'"

6

(Mot. 17:22-25.)

Defendant counters Plaintiff has not shown "good cause" under Rule 16 for the referenced amendments since he "did not conduct any discovery in the months of April, May, June, July, August, or September 2014—the precise six-month amount of time for which [he] now seeks [to conduct additional discovery]." (Opp'n 12:28-13:2.)

Plaintiff does not dispute that he failed to conduct any discovery from April through and including September 2014, and instead replies "[b]oth parties did little in discovery from March to October 2014." (Reply 6:9-10, ECF No. 25). Whether or not another party conducted discovery has not been shown pertinent to the issue whether Plaintiff could have "reasonably" completed discovery within the prescribed discovery period. Johnson, 975 F.3d at 609 (requiring that a satisfactory explanation be provided concerning why the discovery could not be completed "despite [his] . . . diligence.")

Further, the scheduling order that Plaintiff referenced in his motion states in relevant part:

> All discovery shall be completed by February 3, 2015. "Completed" means all discovery shall be conducted so that any dispute relative to discovery shall have been resolved by appropriate orders, if necessary, and, where discovery has been ordered, the order has been complied with on or before the "completion" date.

(Scheduling Order 3:5-10.) Therefore, it is pellucid that in the exercise of diligence Rule 16 requires, Plaintiff should have noticed Defendant's 30(b)(6) depositions early enough so that any dispute concerning the objective of that discovery was "resolved"

7

and any discovery order concerning the objective of that discovery was "complied with on or before" February 3, 2015. Instead, Plaintiff waited until the last few weeks of the discovery period to depose Defendant's 30(b)(6) witnesses and filed the motion sub judice twenty-four days after the discovery completion date. Since Plaintiff has not justified his admitted delay by explaining why the discovery completion date could not have "reasonably be[en] met despite [his] diligence," Plaintiff's motion to re-open discovery and delay the trial date is denied. Johnson, 975 F.3d at 609.

**C.   Sua Sponte Amendment to the Trial Date**

However, an unrelated conflict has developed concerning the trial date. Therefore the scheduling order is amended sua sponte, and trial shall commence at 9:00 a.m. on October 20, 2015.

Dated: April 22, 2015

GARLAND E. BURRELL, JR.
Senior United States District Judge