UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW FERNANDEZ,<br><br>    Plaintiff,<br><br>  v.<br><br>TW TELECOM HOLDINGS INC.,<br><br>    Defendant. | No.  2:13-cv-02221-GEB-CKD<br><br>**RELATED CASE ORDER** |
| ANDREW FERNANDEZ,<br><br>    Plaintiff,<br><br>  v.<br><br>TW TELECOM HOLDINGS, INC.;<br>and DOES 1 to 50, inclusive,<br><br>    Defendants. | No.  2:15-cv-01976-JAM-CKD |

Defendant filed a "Notice of Related Cases" in which it states:

> The[ above-entitled] actions are related because they were filed by the same plaintiff against the same defendant, and both actions involve similar claims.
>
> In the Prior Action, Plaintiff claimed that Defendant (his employer) retaliated against him for making safety complaints, ultimately terminating his employment in a reduction in force ("RIF") and failing to consider him for re-hire after the RIF. In the Current Action, Plaintiff again claims that he is a "wrongfully-terminated employee" of Defendant who made safety complaints, was

1

retaliated against and ultimately terminated for making those safety complaints, and was not considered for re-hire following the RIF. He also claims in the Current Action that Defendant interfered with his efforts to obtain new employment.

Indeed, Plaintiff copies verbatim (or nearly verbatim) several paragraphs in the complaint in the Current Action from the complaint in the Prior Action, including paragraphs 1-8, 12 and 17-18. Other paragraphs in the complaint in the Current Action, such as paragraphs 9-11 and 13, summarize multiple paragraphs from the complaint in the Prior Action. Plaintiff even re-alleges issues that were actually adjudicated in Defendant's favor in the Prior Action, including his claim that Defendant retaliated against him by taking his "master key," removing him from a bonus program, and failing to re-hire him after the RIF. The only new allegation in the Current Action is that Defendant interfered with Plaintiff's efforts to obtain employment with another company. The claims in the Current Action that Defendant retaliated against Plaintiff by interfering with his efforts to obtain new employment are similar to the claims in the Prior Action, making the two cases related under the meaning of Local Rule 123.

The Honorable Judge Garland E. Burrell, Jr., presided over and became immersed in the claims, allegations, and evidence in the Prior Action. Judge Burrell reviewed and issued orders on several motions, including Defendant['s] motion to dismiss (Prior Action ECF 10), Plaintiff's motion to amend the complaint (Prior Action ECF 30), and Defendant's motion for summary judgment (Prior Action ECF 31). The Prior Action was terminated only recently, on May 26, 2015. Given Judge Burrell's knowledge and understanding of the parties and issues, it would entail substantial duplication of labor if the Current Action were to be heard by a different Judge than the Prior Action. Defendant respectfully submits that the Current Action should be assigned to Judge Burrell, and that such assignment will effect a savings of judicial effort and economy.

(Notice of Related Cases, ECF No. 33 (citations omitted).)

1    Examination of the above-entitled actions reveals that they are related within the meaning of Local Rule 123. Under the regular practice of this Court, related cases are generally assigned to the judge and magistrate judge to whom the first filed action was assigned. Therefore, action 2:15-cv-01976-JAM-CKD is reassigned to Judge Garland E. Burrell, Jr. for all further proceedings, and any date currently set in the reassigned case is VACATED. Henceforth the caption on documents filed in the reassigned case shall show the initials "GEB-CKD."

The Clerk of the Court shall make appropriate adjustment in the assignment of civil cases to compensate for this reassignment and shall issue an Order Setting Status (Pretrial Scheduling) Conference in action 2:15-cv-01976.

Dated: September 22, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge